IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


SHAILA RIVERA,

    Petitioner,

v.                                                  Civ. No. 16-286 WJ/GBW

MONICA WETZEL,

    Respondent.


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner's motion for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (*doc. 1*). Upon review, I find that Petitioner's petition contains only unexhausted claims. Accordingly, I recommend dismissing her petition without prejudice.

**I.**   **BACKGROUND**

    **A.**   **The Underlying Judgment**

On April 19, 2012, a jury found Petitioner guilty of conspiracy, kidnapping, aggravated battery, assault, and tampering with evidence. *Doc. 1* at 1; *doc. 6-1* at 1-3. On October 9, 2012, Petitioner was sentenced to a total of "twenty-one years minus two days." *Doc. 1* at 1; *doc. 6-1* at 3. On February 26, 2013, Petitioner filed a notice of appeal, arguing that (1) she was denied a fair trial and the ability to present her defense due to evidentiary rulings by the trial court; (2) she was unduly prejudiced by the admission of

digitally enhanced photographs, which were introduced to support the victim Heather Archuleta's claim of injuries; (3) she was unduly prejudiced by the inability to cross-examine Ms. Archuleta as to her physical condition; (4) the trial court allowed improper bolstering of Ms. Archuleta's testimony; (5) she was deprived of her right to confront the witnesses against her when she was prevented from cross-examining Ms. Archuleta about her sexual history; (6) the trial court prevented Petitioner from presenting cell phone records after the State's witness testified about them; (7) the trial court erroneously excluded testimony regarding experiments conducted on the rope used to bind Ms. Archuleta; (8) the trial court erroneously denied Petitioner's request to question the jury about their complaints regarding Petitioner's use of a cell phone in court; (9) she was denied the right to confront the State's lead investigator; (10) the trial court improperly denied her requests to impeach Ms. Archuleta with text messages discovered during trial; (11) the trial court improperly failed to vacate certain lessor included offenses of which Petitioner's co-defendant Edwin Sanchez was convicted; and (12) she was denied a fair trial due to the trial court's conduct toward her and her counsel during the trial. *Doc. 6-1* at 5, 23-33. On November 23, 2015, the New Mexico Court of Appeals affirmed the convictions against Petitioner. *Doc.* 1 at 2; *doc. 6-2* at 52-86. Petitioner did not seek further review, and did not pursue post-conviction state remedies. *Doc. 1* at 2; *doc. 6* at 2.

**II.    PETITIONER'S CLAIMS**

In her federal *habeas* petition, Petitioner sets forth eight claims as grounds for relief:

1. Ineffective assistance of counsel because Petitioner's trial counsel failed to introduce the cell phone and text messages as evidence and failure by the trial court to admit these into evidence;

2. Violation of Petitioner's right to due process because Petitioner was tried with co-defendant Mr. Sanchez;

3. Ineffective assistance of counsel because Petitioner's trial counsel failed to request a change of venue for such a high profile case;

4. Improper exclusion by the trial court of evidence of (a) the past criminal histories of Ms. Archuleta and her boyfriend, Matthew Padilla, and (b) Ms. Archuleta's prior allegation of rape that resulted in similar injuries to those claimed here;

5. Ineffective assistance of counsel because Petitioner's trial counsel failed to represent her to the best of their abilities and also failed to address several issues with the trial court;

6. Improper exclusion by the trial court of expert witness testimony that the marks on the wrists and ankles of Ms. Archuleta were inconsistent with rope found in Petitioner's home;

7. Improper jury instructions which failed to include instructions and criteria for second degree kidnapping;

8. Ineffective assistance of counsel because Petitioner's appellate counsel failed to represent her to the best of their abilities, failed to maintain contact with Petitioner, and missed deadlines.

*See doc. 1* at 6-16.

## III.   ANALYSIS

A federal court cannot grant a petition for *habeas corpus* under § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner bears the burden of proving that she exhausted state court remedies or that exhaustion would have been futile. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011). "A claim has been exhausted when it has been 'fairly presented' to the state court." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). This standard requires proper presentation "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

### A. *Grounds 2, 3, 5, 7, & 8*

Respondent argues that grounds 2, 3, 5, 7, and 8 raise new issues that are presented for the first time in the federal *habeas* petition, and therefore remain unexhausted. *Doc. 6* at 4-8. These grounds raise the issues of: Petitioner's joint trial

4

with Mr. Sanchez (Ground 2); ineffective assistance of Petitioner's trial counsel (Grounds 3 and 5); improper jury instructions (Ground 7); and ineffective assistance of Petitioner's appellate counsel (Ground 8). *See doc. 1* at 6-16. In her federal *habeas corpus* petition, Petitioner concedes that she did not raise these issues at any point in her direct appeal, "through a post-conviction motion[,] or [through a] petition for habeas corpus in a state trial court." *See doc. 1* at 8, 9, 13, 15, 16. Based on my review of Ms. Rivera's state court appellate brief, I agree with Respondent that Petitioner did not fairly present these issues through a complete round of the New Mexico state appellate process. *See doc. 6-1* at 40-72. Accordingly, Petitioner has failed to exhaust her state court remedies for Grounds 2, 3, 5, 7, and 8.

### B.  Grounds 4 & 6

Respondent argues that Grounds 4 and 6 raise issues that were considered and rejected by the New Mexico Court of Appeals but not presented to the New Mexico Supreme Court. *Doc. 6* at 4-5. These grounds raise the issues of the trial court's exclusion of evidence regarding the witnesses' criminal histories and allegations of past criminal acts (Ground 4) as well as the exclusion of expert witness testimony regarding the rope found in Petitioner's home (Ground 6). *See doc. 1* at 6-16. Petitioner raised these issues in her direct appeal, and the New Mexico Court of Appeals affirmed Petitioner's conviction. *See id.* at 11, 14. Petitioner concedes that she has not "presented [these issues] to the highest state court having jurisdiction," as she has not yet filed a

writ of certiorari to the New Mexico Supreme Court. *Id.* at 12, 14. Therefore, Petitioner has failed to exhaust her state court remedies for Grounds 4 and 6.

### C. Ground 1

Finally, Respondent argues that Petitioner failed to exhaust state remedies for Ground 1, which involves exclusion of the cell phone and text messages from evidence at trial. *Doc. 1* at 6. Petitioner does not specify whether this ground alleges an error by her trial attorney or an error by the trial court. *See id.* To the extent that Petitioner attempts to assert ineffective assistance of counsel, she is barred from asserting this new issue which was not raised on direct appeal. *See generally doc. 6-1* at 23-33. If this claim instead alleges an error by the state trial court, Petitioner has failed to exhaust this Ground by not seeking review from the New Mexico Supreme Court after her argument was rejected by the intermediate appeals court. *See doc. 6-1* at 23-25, 28-29, 32. As a result, I conclude that Petitioner's Ground 1 remains unexhausted and cannot be addressed by this Court.

### D. Good Cause for Failure to Exhaust State Remedies

Although Petitioner has failed to exhaust state remedies for her claims, such failure to exhaust may be "excused if a petitioner can demonstrate cause for the [failure] and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (internal quotations omitted). "Cause

6

can be demonstrated by sufficient evidence either that 'there is an absence of available State corrective process' or 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Clay v. Oklahoma*, 541 F. App'x 805, 809 (10th Cir. 2013) (quoting *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).  The "fundamental miscarriage of justice" exception is a "markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Magar*, 490 F.3d at 820 (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir.1999)).

Petitioner does not argue that she qualifies for the "fundamental miscarriage of justice" exception.  Indeed, based on the record, the undersigned would reject such an argument.  Petitioner, however, does seem to argue that she should be excused under the "cause" exception.  She explains that she did not exhaust her state remedies because (1) her attorney failed to file a writ of certiorari to the New Mexico Supreme Court by the deadline of December 23, 2015 and (2) her attorney failed to raise several of the issues in Petitioner's direct appeal.  *See generally doc. 1*.  However, these explanations fail to qualify for excusal from the exhaustion requirements.  A petitioner represented by counsel does not demonstrate good cause for failure to exhaust merely by stating that their attorney failed to present a particular issue on appeal.  In fact, such choices may fall well within permissible strategic decisions by counsel.  *See, e.g., Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008) (holding that a petitioner's failure to exhaust state court

7

remedies was not excused by his counsel's failure to present the issue to the state supreme court).  Certainly, Petitioner has not shown an absence of available State corrective **process** or that circumstances exist which render such **process** ineffective to protect the rights of the applicant.  If appellate counsel's conduct was ineffective under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984), then she may raise that issue before the state court in a habeas petition.  *See State v. Sutphin*, 164 P.3d 72, 76 (N.M. 2007) ("New Mexico does not impose a statute of limitations on habeas petitioners . . . .").[1]

Thus, Petitioner has failed to establish that she should be excused for failing to exhaust her available state remedies.

---

[1] In fact, Petitioner may be able to avoid procedural default of the unexhausted claims which were presented to the New Mexico Court of Appeals by asking the New Mexico Supreme Court to accept a late-filed petition.  *See State v. Suskiewich*, 339 P.3d 614, 618 (N.M. 2013) (untimely petition for writ of certiorari upon demonstration of "unusual circumstances").

## IV. CONCLUSION

The Petition contains only unexhausted claims. Petitioner has failed to demonstrate that her failure to exhaust should be excused. Consequently, I recommend the Court dismiss her petition (*doc. 1*) in its entirety.

                                                              GREGORY B. WORMUTH
                                                              United States Magistrate Judge

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**